IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-24-13-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| WAYLON JACK GRECO, | |
| Defendant. | |

Defendant Waylon Jack Greco moves unopposed to continue his trial date and all associated deadlines for 30 days to allow additional time for defense counsel to investigate the case and prepare for trial. (Doc. 17.) He has waived his speedy trial rights through August 31, 2024. (Doc. 17-2.) Trial is currently set for July 15, 2024. (Doc. 16.)

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice;

1

whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. § 3161(h)(7)(B)(i), (ii), (iv).  An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted.  *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997).  The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7).  *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, the Defendant was arrested on May 4, 2024.  (Doc. 12.)  Craig Shannon was initially appointed to represent the Defendant on May 6, 2024.  (Doc. 9.)  After a conflict was discovered, current counsel was appointed on May 15, 2024.  (Doc. 15.)  Counsel reports having acted diligently but requests additional time to complete a competency evaluation, research and draft potential pretrial motions, and provide the Defendant the opportunity to assist in his own defense by reviewing discovery, including documents marked sensitive, while the Defendant is in custody.  (Doc. 18 at 3–4.)  A continuance is therefore warranted to prevent a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i), and to permit the parties

reasonable time necessary for effective preparation, *id.* § 3161(h)(7)(B)(iv). However, **no further continuances will be granted.**

IT IS ORDERED that the Defendant's unopposed motion (Doc. 17) is GRANTED as follows:

(1) The previous trial date and deadlines (*see* Doc. 16) are VACATED.

(2) The following schedule shall govern further proceedings in this matter:

- Trial Date[1]: **August 26, 2024, at 9:00 a.m.**  
  Russell Smith Courthouse  
  Missoula, Montana

- Motion deadline: July 24, 2024

- Expert disclosure deadline: July 24, 2024[2]

- Plea agreement deadline: August 15, 2024

- JERS deadline: August 19, 2024

- Jury instructions and trial briefs deadline: August 21, 2024

This schedule must be strictly adhered to by the parties. The May 15, 2024 Scheduling Order (Doc. 16) shall remain in full force and effect in all other respects.

---

[1] **Counsel shall appear in chambers a half hour before the scheduled trial.**
[2] Because Greco's motion to continue indicates that mental state may be an issue for trial, (*see* Doc. 18), this deadline has been set early enough to resolve any related expert issues prior to trial.

3

IT IS FURTHER ORDERED that the time between July 15, 2024, and August 26, 2024, is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7)(B).

DATED this 23rd day of May 2024.

_____
Donald W. Molloy, District Judge
United States District Court